UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERRY L. CARR | : | |
| and | : | Case No. 1:06-cv-01893-JR |
| SHARON M. CARR, | : | JUDGE JAMES ROBERTSON |
| Plaintiffs. | : | |
| v. | : | **MOTION TO DISMISS** |
| GEORGE YUND, ET AL. | : | RECEIVED |
| Defendants. | : | JAN 3 – 2007 |
| | | NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

Now comes Andrea N. Hicks, pro se, and hereby moves this Court to dismiss the above-styled action pursuant to Federal Civil Rule 12 (b) for the reasons set forth in the attached Memorandum.

Respectfully submitted,

*[signature]*
Andrea N. Hicks, pro se
224 Reading Road
Mason, Ohio 45040
513-459-0492
513-398-8927 (Fax)

1

**MEMORANDUM**

**1. THE DISTRICT OF COLUMBIA IS DOES NOT HAVE PERSONAL JURISDICTION AND IS THE IMPROPER VENUE**

A federal district court's personal jurisdiction is deemed to be that of the state in which the court sits. Fed. R. Civ. Pro. 4. In order for a federal district to have personal jurisdiction over a defendant, the defendant must have minimum contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). These minimum contacts must be consistent with fair play and substantial justice so that requiring defendant to defend a case in that forum would not be unreasonable enough to violate due process. Id. at 316-317. In order to have minimum contacts which justify personal jurisdiction over a defendant, defendant must have taken actions that were purposefully directed toward the forum state. Id. Casual, isolated contacts do not subject a defendant to jurisdiction. Id. Rather, a defendant must have continuous, systematic activities in a forum to justify minimum contacts sufficient for personal jurisdiction. Id.

Additionally, personal jurisdiction relies on whether an element of the cause of action against defendant took place in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-473 (1985). Venue is not proper if the defendant does not reside in the district where the case was filed or the events pertaining to the claim did not substantially arise in that district. Id.

In this case, this Court does not have personal jurisdiction over Defendant Andrea Hicks. Defendant Andrea N. Hicks does not have any contacts in Washington D.C. Defendant Andrea N. Hicks has not practiced law in Washington D.C and has never

lived in Washington D.C.. Furthermore, the events leading to the claims against this Defendant arose in Ohio, rather than Washington, D.C. It appears that the Plaintiffs' claim is that Defendant Andrea Hicks represented them in a employment discrimination lawsuit and disclosed information to the defense counsel, Deborah Brennaman. (Complaint at 15 and 34) Further the Plaintiffs allege that Defendant Andrea N. Hicks conspired with other Ohio defendants. (Complaint at 15 and 34) All actions were filed in the Southern District of Ohio and were ultimately handled by James A. Whitaker in the Southern District of Ohio. All of these events occurred in Ohio, not Washington, D.C. Therefore, in the interests of justice and fair play, this Court does not have personal jurisdiction over Defendant Andrea Hicks and the case must be dismissed as to her involvement.

## 2. PLAINTIFF ARE NOT WITHIN THE STATUTE OF LIMITATIONS TO FILE THIS ACTION

Plaintiffs filed this lawsuit beyond the statute of limitations. Plaintiffs assert a Criminal & Civil R.I.C.O. action against all the named defendants. Pursuant to case law, a federal civil R.I.C.O lawsuit must be brought within four years of the time when the plaintiff knew or reasonably should have known of the events that created the lawsuit. Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987); Rotella v. Wood, 528 U.S. 549 (2000). Thus, once the plaintiff should have reasonably discovered the injury, the plaintiff has four years to discover the elements for a RICO claim and file a court action on those grounds. Rotella, 528 U.S. at 558-559. As this case pertains to Defendant Andrea N. Hicks, the statute of limitations has expired.

Plaintiffs claim that Defendant Andrea Hicks presented privileged and confidential information concerning the Plaintiffs matter to defense counsel, Deborah Brennaman in January of 2001. (Complaint at 15 and 27) Plaintiff's claim to have a letter to verify the date to be January, 2001. The Plaintiff's also claim that defendant Andrea Hicks conspired with several other defendants to delay the filing of the Plaintiff's lawsuit, which was filed in 2000. (Complaint at 34 and 41) All of the allegations against Defendant Andrea Hicks occurred in 2000 and 2001. Upon receipt of the letter in 2001 and the filing of the lawsuit in 2000, the Plaintiffs should have reasonably known of all the allegations against Defendant Andrea Hicks at that time. Therefore, the statute of limitations has expired for the Plaintiffs to bring any action against Defendant Andrea N. Hicks.

### 3. A FEDERAL RULING DEEMS THE PLAINTIFFS AS PROLIFIC LITIGATORS

On July 10, 1991, Judge John M. Manos of the United States District Court for the Northern District of Ohio issued an Order prohibiting the Plaintiffs from filing lawsuits against any officers of the court. (Exhibit A). Judge Manos issued this Order to permanently enjoin the Plaintiffs from "filing in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the course of their official duties." (Exhibit A)

In addition to dismissing the case, Judge Manos also contemplated the courts' powers to enjoin prolific litigators. Judge Manos cited to 28 U.S.C. section 1651, which provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." In so exercising this power in granting a writ to enjoin these prolific litigators, the Court found that such an action may be taken if a "litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id. at 9, citing, Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986). Prior to the lawsuit which Judge Manos presided, Judge Spiegel of the United States District Court Southern Division had dismissed a similar RICO action filed by the Plaintiffs. (See Rennick, et a. v. Frost & Jacobs, et al., No. C-1-89-749 (N.D. Ohio Apr 26, 1990, as referenced in Judge Manos Order on page 3.)

In this case, the Plaintiffs have knowingly violated this Order when they filed this most recent lawsuit against numerous judges, federal and state agencies, law firms, and attorneys, including the Defendant Andrea N. Hicks. Defendant Andrea N. Hicks, who is a licensed attorney in the State of Ohio and authorized to practice in the United States District Court, Southern Division is an officer of the court. Therefore, pursuant to Judge Manos decision order, which prohibited the Plaintiffs from filing against officers of the court, this matter should be dismissed. All of the allegations set forth in this Complaint allege wrongdoing by the defendants while acting in the course of their official duties. Such an action is explicitly prohibited by the Judge Manos' and therefore, this complaint must be dismissed.

### 4. PLAINTIFFS DO NOT HAVE THE AUTHORITY TO FILE A FEDERAL CRIMINAL RICO ACTION

The Plaintiffs filed this action as a Civil and Criminal RICO against all of the Defendants pursuant to federal RICO laws. However, the only authority which can bring a criminal RICO action is the U.S. Attorney General. The Plaintiffs lack authority to pursue any criminal action.

### CONCLUSION

For the foregoing reasons, Defendant Andrea N. Hicks respectfully requests that this court dismiss with prejudice the case against Defendant Andrea N. Hicks and bar the Plaintiffs from filing any additional lawsuits against the defendants.

Andrea N. Hicks
224 Reading Road
Mason, Ohio 45040
513-459-0492
Fax – 513-398-8927

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing to Mr. Jerry L. Carr and Mrs. Sharon M. Carr, via United States mail at 1261 Southern Hills Boulevard, Hamilton, Ohio 45013, as well as each and every defendant listed in this cause of action on January 8, 2006.

                                              Andrea N. Hicks (pro se)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK
91 JUL 10 PM 12: 08
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

SHARON RENNICK
JERRY CARR,

    Plaintiffs,

v.

STATE OF OHIO ATTORNEY
GENERAL, ANTHONY CELEBREZZE,
et al.,

    Defendants.

CASE NO. C2-90-

Judge John M. Manos

<u>ORDER</u>

Pursuant to the Memorandum of Opinion issued in the above-captioned case this date, plaintiffs' motion to amend the complaint is denied; the case is dismissed, and the motion to bar further litigation is granted. Plaintiffs are permanently enjoined from filing any action in the United States District Court for the Southern District of Ohio without obtaining leave of the court. They are further enjoined from filing in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the course of their official duties. In seeking leave of court, plaintiffs must file a motion certifying that the new complaint was never previously dismissed on the merits.

IT IS SO ORDERED.

                                  /s/ John M. Manos
                        UNITED STATES DISTRICT JUDGE

EXHIBIT A

AO 450 (Rev. 5/85) Judgment in a Civil Case

FILED
KENNETH J. MURPHY
CLERK

91 JUL 10 PM 3:37

# United States District Court

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

__SOUTHERN__ DISTRICT OF _____

Sharon Rennick
Jerry Carr

V.

State of Ohio Attorney
General, Anthony Celebrezze,
et al.

JUDGMENT IN A CIVIL CASE

CASE NUMBER:   C-2-90-360

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that in accordance with the MEMORANDUM OF OPINION issued in this action on July 10, 1991, that the plaintiffs take nothing, and this action is DISMISSED on the merits.

July 10, 1991
Date

KENNETH J. MURPHY
Clerk

*Beverly J. Robinson*
(By) Deputy Clerk

67

```
                                               FILED
                                          KENNETH J. MURPHY
                                               CLERK
       IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF OHIO 91 JUL 10 PM 12:08
               EASTERN DIVISION
                                          U.S. DISTRICT COURT
                                          SOUTHERN DIST. OHIO
                                          EASTERN DIV. COLUMBUS
```

SHARON RENNICK                    )    CASE NO. C2-90-850
JERRY CARR,                       )
                                  )
        Plaintiffs,               )
                                  )
v.                                )    Judge John M. Manos
                                  )
STATE OF OHIO ATTORNEY            )
GENERAL, ANTHONY CELEBREZZE,      )
et al.,                           )
                                  )
        Defendants.               )    MEMORANDUM OF OPINION

On May 21, 1990, plaintiffs, Sharon Rennick and Jerry Carr, filed the above-captioned case against approximately 135 defendants in the United States District Court for the Southern District of Ohio, Eastern Division. The case was originally assigned to Judge James L. Graham. Because several judges in the Southern District of Ohio were named as defendants, Chief Judge Gilbert S. Merritt of the United States Court of Appeals for the Sixth Circuit reassigned the case to Judge John M. Manos of the United States District Court for the Northern District of Ohio.[1] The case is before the court on plaintiffs' motion to amend the complaint and on defendants' motions to dismiss. Also, several defendants move the court to bar plaintiffs from filing any further actions without leave of the court. For the following reasons, plaintiffs' motion

---

1.    Judge John M. Manos was assigned to hold district court in the Southern District of Ohio, Eastern Division (Columbus, Ohio) to hear this case. See 28 U.S.C. § 292(b).

1

to amend is denied; the case is dismissed, and the motion to bar further litigation is granted.

I.

Plaintiffs are former employees of Champion International Corporation, a company that operates a paper mill. Rennick was discharged on November 12, 1984 for assaulting Williams Jones, a co-worker, with a razor knife. Carr was discharged for threatening co-workers he accused of harassing Rennick.

On November 16, 1984, Rennick and Carr filed grievances. Rennick's grievance was denied on October 23, 1985, by Labor Arbitrator Frank Keenan, who found she was discharged for just cause. Carr's grievance was decided in his favor on December 26, 1985, by Arbitrator Alvin Goldman, who ordered that he be reinstated because he was not terminated for just cause.

Subsequently, Rennick filed a complaint pursuant to 42 U.S.C. § 1981 against Champion and several former co-workers in the United States District Court for the Southern District of Ohio, Western Division. Judge Herman J. Weber presided over the trial. On April 15, 1988, the jury returned a verdict in favor of defendants, and awarded $5,000 in compensatory damages and $10,000 in punitive damages to defendant Jones for injuries he sustained from Rennick's assault on November 12, 1984. She appealed to the Sixth Circuit Court of Appeals which affirmed.

On November 6, 1989, plaintiffs filed an action in the United States District Court for the Southern District of Ohio, Western Division, alleging violations of the Racketeer Influenced and

2

Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (hereinafter "RICO"). On April 26, 1990, Judge S. Arthur Spiegel, to whom the case was assigned, dismissed the complaint for failing to comply with Fed. R. Civ. P. 8(a) and 12(b)(6). Order Dismissing Complaint, Rennick, et al. v. Frost & Jacobs et al., No. C-1-89-749, (N.D. Ohio. Apr. 26, 1990). The court ruled that plaintiffs failed to state a claim upon which relief can be granted because the defendants were not provided with fair and adequate notice of the charges against them. Id. at 5. Defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11 were denied. Judge Spiegel ruled:

> We hereby deny these motions at this time since the plaintiffs have prepared their pleadings without the benefit of counsel and may be unfamiliar with the rules of this Court. The plaintiffs are cautioned, however, that even pro se pleadings are governed by the Federal Rules of Procedure. . . . If any future pleadings of the plaintiffs are found to violate this Rule, the Court may impose sanctions upon the plaintiffs which may include requiring the plaintiffs to pay the other parties' reasonable expenses in responding to the pleadings including reasonable attorney fees.

Id. at 4. The court gave plaintiffs twenty days to amend their complaint to comply with Fed. R. Civ. P. 8(a). Id. at 4. Plaintiffs did not amend and did not appeal the dismissal.

This case was filed in the Southern District of Ohio, Eastern Division, on May 21, 1990, pursuant to 18 U.S.C § 1961, 42 U.S.C. 1985(3), 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), and O.R.C § 4123.90. The complaint is virtually the same as the previous one with the exception that it adds Judge Spiegel and others as defendants. As before, plaintiffs allege that Frost and Jacobs,

3

the law firm representing Champion, set up a network of organized crime in Cincinnati, Ohio. Among the defendants are eight attorneys who formerly represented plaintiffs and allegedly conspired with Frost & Jacobs to extort $50,000 in legal fees. Plaintiffs sue United States District Judges, United States Court of Appeals Judges, Ohio State Court of Common Pleas Judges, and judicial employees for conspiracy to obstruct justice and claim that the assessment of filing fees by the Clerk of Courts is a conspiracy to extort money. Plaintiffs seek $250,000,000 in compensatory damages and $750,000,000 in punitive damages.

On June 21, 1991, this court scheduled and held a conference in Columbus, Ohio to allow plaintiffs, who are before this court *pro se*, the opportunity to cure the defects in the complaint and respond to the defendants' motions to dismiss. The court stated that because the complaint was confusing, vague and asserted conclusions without factual predicates, the court could not identify any basis for their legal assertions.

To plead a RICO violation, a plaintiff must show that the defendant conducted or participated in the conduct of the affairs of an enterprise which affects interstate commerce and that this participation exhibited a pattern of racketeering activity through at least two acts which occurred within ten years of each other and which are related and exhibit continuity or a threat of continuity. See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S. Ct. 2893 (1989), United States v. Jenkins, 902 F.2d 459, 463 (6th Cir. 1990), United States v. Young, 906 F.2d 615 (11th Cir.

4

1990). Because none of these appeared in the complaint, the court afforded plaintiffs an opportunity to orally present the factual base for their charges. Both plaintiffs commented, but said nothing other than what is in their complaint.

Plaintiffs stated that their action under 42 U.S.C. § 1985(3) was based on the assessment of filing fees by the Clerk of Courts and his staff. To state a cause of action under this section, plaintiffs must allege:

(1) a conspiracy,

(2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,

(3) an act by one of the conspirators in furtherance of the conspiracy, and

(4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980), citing, Griffen v. Breckenridge, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798 (1971). Plaintiffs offered no facts to support this charge.

II.

In the motion to amend their complaint, plaintiffs demand a "criminal investigation and a grand jury for indictment on criminal charges," based on the allegation that they are the victims of continuous threats of irreparable injury and death. Motion for Leave to File Amended Complaint, Rennick, et al. v. State of Ohio Attorney General, et al., No. C2-90-360 (N.D. Ohio filed July 16, 1990).

5

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, if plaintiffs do not articulate facts which are a proper subject for relief, the district court may deny the motion. See Foman v. Davis, 371 U.S. 173, 182, 83 S. Ct. 227, 230 (1962). A civil complaint is not the means by which to initiate a criminal investigation. Therefore, their motion to amend is denied.

### III.

A number of defendants filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting that the complaint fails to state a claim upon which relief can be granted because it alleges the same legal arguments and factual matters dismissed on the merits by Judge Spiegel. Defendants, therefore, assert that this action is barred by the doctrine of res judicata.

A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is an adjudication on the merits unless the case is dismissed without prejudice. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir. 1990). Because Judge Spiegel dismissed the case with prejudice, the dismissal is an adjudication on the merits. The doctrine of res judicata mandates:

> [I]f the second action is upon the same cause as the former one, the judgment on the merits in the first case is an absolute bar to the subsequent action between the same parties, not only in respect to every matter which is actually offered, but also as to every ground of recovery which might have been presented.

White v. Colgan Elec. Co., Inc., 781 F.2d 1214, 1216 (6th Cir. 1986), quoting, Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47

S. Ct. 600 (1927). The court finds no material differences between the case before it and the case before Judge Spiegel. Because res judicata is an affirmative defense which bars relitigation, the complaint is dismissed.

Moreover, the forty-four page complaint is rambling, unintelligible, and does not set forth specific facts underlying the claims for relief. Many defendants named are not mentioned in the many charges of the complaint. Accordingly, it shall be dismissed for failure to comply with Fed. R. Civ. P. 8(a).[2] Because the complaint fails to set forth a short and plain statement of the claim showing plaintifs are entitled to relief, the dismissal is with prejudice.

---

2. Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief . . . shall contain
>
> . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

Ordinarily, in a dismissal for failure to comply with Rule 8, the pleader is given an opportunity to amend the complaint. See Kappus v. Western Hills Oil, Inc., 24 F.R.D. 123, 128 (E.D. Wis. 1959). However, a court need not grant leave to amend if it would be futile to do so. Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

7

## IV.

This court next considers whether plaintiffs shall be enjoined from further litigation without leave of court. Two sources authorize courts to enjoin prolific litigators. <u>Kersh v. Borden Chemical, Div. of Borden, Inc.</u>, 689 F.Supp. 1442 (E.D.Mich. 1988). First, federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." <u>In re Martin-Trigona</u>, 737 F.2d 1254, 1261 (2d Cir. 1984), <u>cert</u>. <u>denied</u>, 474 U.S. 1061, 106 S. Ct. 807 (1986). More frequently, federal courts invoke the second source, the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigation.[3] The Sixth Circuit Court of Appeals has approved this "method for handling the complaints of prolific litigators. . . ." <u>Filipas v. Lemons</u>, 835 F.2d 1145, 1146 (6th Cir. 1987).

---

3. 28 U.S.C. § 1651 provides in part:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

8

Litigiousness alone does not support an injunction restricting further litigation. Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), cert. denied, 449 U.S. 829, 101 S.Ct. 96 (1980). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986), cert. denied, 479 U.S. 1099, 107 S. Ct. 1323 (1987). The Second Circuit Court of Appeals established the following test to determine whether to restrict a litigant's future access to the courts:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

(2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

(3) whether the litigant is represented by counsel;

(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

(5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

All factors of the Safir test are present in this case. Plaintiffs have a history of attempting to relitigate cases previously decided. This is the second frivolous RICO action filed against a multitude of defendants, many of whom are not mentioned

9

in any claim. It is plaintiffs' third action alleging that their employment termination in 1984 violated 42 U.S.C. § 1981.[4] The trial of her 42 U.S.C. § 1981 action afforded Rennick a full opportunity to litigate this claim. Plaintiffs persistently refuse to accept the finality of judicial decisions and proceed to sue every judicial officer who issues a decision adverse to their interests.[5] The plaintiffs, who are before the court pro se, clearly do not demonstrate a good faith expectation of prevailing. Despite repeated judicial comment and instruction on how to amend their complaint to comply with Rule 8(a), plaintiffs do not state clear and understandable operative facts. The court finds that plaintiffs' repetitious and frivolous suits constitute an abuse of the judicial system.

V.

Accordingly, plaintiffs are permanently enjoined from filing any action in the United States District Court for the Southern District of Ohio without obtaining leave of the court. They are further enjoined from filing in any court,[6] an action against any state or federal judge, or any officer or employee of any court,

---

4. The court questions Carr's standing to assert any claim because he was subsequently reinstated to the job from which he was separated.

5. This behavior alone justifies the use of the injunction because such repeated litigation is costly to the defendants and wastes scarce judicial resources. See Harrelson v. United States, 613 F.2d 114 (5th Cir. 1980).

6. Gordon v. United States Department of Justice, 558 F.2d 618 (1st Cir. 1977), Rudnicki v. McCormack, 210 F.Supp 905, 911 (D.Mass. and R.I. 1962).

10

for actions taken in the course of their official duties. In seeking leave of court, plaintiffs must file a motion certifying that the new complaint was never previously dismissed on the merits.

IT IS SO ORDERED.

                                                    _/s/ John M. Mano_
                                                    UNITED STATES DISTRICT JUDGE