## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jerry L. Carr | |
| and | Case No. 1:06-cv-01893-JR |
| Sharon M. Carr | |
| Plaintiffs | Judge: James Robertson |
| v. | |
| George Yund, et al., | **MOTION FOR EXTENSION OF TIME TO FILE A MOTION RAISING OBJECTIONS AND DEFENSES UNDER FED. R. CIV. P. 12** |
| Defendants | |

Now comes James A. Whitaker, pro se, and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court to enlarge, by 30 days, the prescribed period for filing a motion under Rule 12 of the Federal Rules of Civil Procedure, including but not limited to lack of personal jurisdiction under Rules 4 and 12(b) of the Federal Rules of Civil Procedure and failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ James A. Whitaker

James A. Whitaker
226 Reading Road
Mason, Ohio 45040
Ph.: 513-398-1910
Fax: 513-398-0181

## MEMORANDUM

Fed. R. Civ. P. 6(b)(1) allows an extension of time in which to file motions or pleadings for cause shown. Defendant James A. Whitaker provides the following as substantial cause for granting an extension of time. The Complaint by Plaintiffs is voluminous and makes many allegations that are difficult to decipher. In addition, there are additional complications due to the fact that Defendant James A. Whitaker does not live in, nor does he have any contacts with, the forum. The issues of whether to retain counsel licensed in the forum and the hardship of possibly traveling to the forum, in light of the press of Mr. Whitaker's duties as an officer of the court in Ohio (Mr. Whitaker is a licensed attorney in the states of Ohio and Wyoming), also call for an extension of time for which Mr. Whitaker would be permitted to file a motion under Fed. R. Civ. P 12. Finally, there is the issue of the large number of Defendants in this action. A number of the Defendants are fellow Ohio attorneys, and Mr. Whitaker seeks time in which to confer with them to coordinate a response for the purposes of, among other things, providing reasons that this Honorable Court does not have jurisdiction over Defendant James A. Whitaker and other named Defendants who are attorneys having insufficient contacts with the forum to create personal jurisdiction.

Moreover, as the result of the holiday season, Mr. Whitaker was out of the office for a substantial number of days, and he needs additional time to review prior records as well as orders issued by Judge Manos, of the United States District Court for the Northern District of Ohio (while sitting by appointment in the Southern District of Ohio) concerning Plaintiffs' filing of vexatious litigation. In this regard, it is pertinent to note

that Plaintiffs were to obtain prior approval before filing any lawsuits against officers of

the court by the above referenced order of Judge Manos.


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent a copy of the motion to Plaintiffs, Mr. Jerry L. Carr and Mrs. Sharon, at 1261 Southern Hill Boulevard, Hamilton, Ohio 45013, as well as to all named Defendants at the addresses listed in the complaint.


/s/ James A. Whitaker_____
James A. Whitaker
226 Reading Road
Mason, Ohio 45040
Ph.: 513-398-1910
Fax: 513-398-0181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
KENNETH J. MURPHY
CLERK

91 JUL 10 PM 12:08

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

SHARON RENNICK
JERRY CARR,

    Plaintiffs,

v.

STATE OF OHIO ATTORNEY
GENERAL, ANTHONY CELEBREZZE,
et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. C2-90-530

Judge John M. Manos

ORDER

    Pursuant to the Memorandum of Opinion issued in the above-captioned case this date, plaintiffs' motion to amend the complaint is denied; the case is dismissed, and the motion to bar further litigation is granted. Plaintiffs are permanently enjoined from filing any action in the United States District Court for the Southern District of Ohio without obtaining leave of the court. They are further enjoined from filing in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the course of their official duties. In seeking leave of court, plaintiffs must file a motion certifying that the new complaint was never previously dismissed on the merits.

    IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

M

K

FILED
KENNETH J. MURPHY
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO 91 JUL 10 PM 12: 08
EASTERN DIVISION

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EASTN DIV. COLUMBUS

SHARON RENNICK                    )    CASE NO. C2-90-850
JERRY CARR,                       )
                                  )
        Plaintiffs,               )
                                  )
v.                                )    Judge John M. Manos
                                  )
STATE OF OHIO ATTORNEY            )
GENERAL, ANTHONY CELEBREZZE,      )
et al.,                           )
                                  )
        Defendants.               )    MEMORANDUM OF OPINION

On May 21, 1990, plaintiffs, Sharon Rennick and Jerry Carr,
filed the above-captioned case against approximately 135 defendants
in the United States District Court for the Southern District of
Ohio, Eastern Division.  The case was originally assigned to Judge
James L. Graham.  Because several judges in the Southern District
of Ohio were named as defendants, Chief Judge Gilbert S. Merritt
of the United States Court of Appeals for the Sixth Circuit
reassigned the case to Judge John M. Manos of the United States
District Court for the Northern District of Ohio.[1]  The case is
before the court on plaintiffs' motion to amend the complaint and
on defendants' motions to dismiss.  Also, several defendants move
the court to bar plaintiffs from filing any further actions without
leave of the court.  For the following reasons, plaintiffs' motion

---

1.    Judge John M. Manos was assigned to hold district court in
the Southern District of Ohio, Eastern Division (Columbus, Ohio)
to hear this case.  See 28 U.S.C. § 292(b).

1

to amend is denied; the case is dismissed, and the motion to bar further litigation is granted.

I.

Plaintiffs are former employees of Champion International Corporation, a company that operates a paper mill. Rennick was discharged on November 12, 1984 for assaulting Williams Jones, a co-worker, with a razor knife. Carr was discharged for threatening co-workers he accused of harassing Rennick.

On November 16, 1984, Rennick and Carr filed grievances. Rennick's grievance was denied on October 23, 1985, by Labor Arbitrator Frank Keenan, who found she was discharged for just cause. Carr's grievance was decided in his favor on December 26, 1985, by Arbitrator Alvin Goldman, who ordered that he be reinstated because he was not terminated for just cause.

Subsequently, Rennick filed a complaint pursuant to 42 U.S.C. § 1981 against Champion and several former co-workers in the United States District Court for the Southern District of Ohio, Western Division. Judge Herman J. Weber presided over the trial. On April 15, 1988, the jury returned a verdict in favor of defendants, and awarded $5,000 in compensatory damages and $10,000 in punitive damages to defendant Jones for injuries he sustained from Rennick's assault on November 12, 1984. She appealed to the Sixth Circuit Court of Appeals which affirmed.

On November 6, 1989, plaintiffs filed an action in the United States District Court for the Southern District of Ohio, Western Division, alleging violations of the Racketeer Influenced and

2

Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (hereinafter "RICO"). On April 26, 1990, Judge S. Arthur Spiegel, to whom the case was assigned, dismissed the complaint for failing to comply with Fed. R. Civ. P. 8(a) and 12(b)(6).    Order Dismissing Complaint, Rennick, et al. v. Frost & Jacobs et al., No. C-1-89-749, (N.D. Ohio. Apr. 26, 1990). The court ruled that plaintiffs failed to state a claim upon which relief can be granted because the defendants were not provided with fair and adequate notice of the charges against them. Id. at 5.    Defendants' motions for sanctions pursuant to Fed. R. Civ. P. 11 were denied.    Judge Spiegel ruled:

> We hereby deny these motions at this time since the plaintiffs have prepared their pleadings without the benefit of counsel and may be unfamiliar with the rules of this Court. The plaintiffs are cautioned, however, that even pro se pleadings are governed by the Federal Rules of Procedure. . . . If any future pleadings of the plaintiffs are found to violate this Rule, the Court may impose sanctions upon the plaintiffs which may include requiring the plaintiffs to pay the other parties' reasonable expenses in responding to the pleadings including reasonable attorney fees.

Id. at 4.    The court gave plaintiffs twenty days to amend their complaint to comply with Fed. R. Civ. P. 8(a).    Id. at 4. Plaintiffs did not amend and did not appeal the dismissal.

This case was filed in the Southern District of Ohio, Eastern Division, on May 21, 1990, pursuant to 18 U.S.C § 1961, 42 U.S.C. 1985(3), 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), and O.R.C § 4123.90. The complaint is virtually the same as the previous one with the exception that it adds Judge Spiegel and others as defendants. As before, plaintiffs allege that Frost and Jacobs,

3

the law firm representing Champion, set up a network of organized crime in Cincinnati, Ohio. Among the defendants are eight attorneys who formerly represented plaintiffs and allegedly conspired with Frost & Jacobs to extort $50,000 in legal fees. Plaintiffs sue United States District Judges, United States Court of Appeals Judges, Ohio State Court of Common Pleas Judges, and judicial employees for conspiracy to obstruct justice and claim that the assessment of filing fees by the Clerk of Courts is a conspiracy to extort money. Plaintiffs seek $250,000,000 in compensatory damages and $750,000,000 in punitive damages.

On June 21, 1991, this court scheduled and held a conference in Columbus, Ohio to allow plaintiffs, who are before this court _pro se_, the opportunity to cure the defects in the complaint and respond to the defendants' motions to dismiss. The court stated that because the complaint was confusing, vague and asserted conclusions without factual predicates, the court could not identify any basis for their legal assertions.

To plead a RICO violation, a plaintiff must show that the defendant conducted or participated in the conduct of the affairs of an enterprise which affects interstate commerce and that this participation exhibited a pattern of racketeering activity through at least two acts which occurred within ten years of each other and which are related and exhibit continuity or a threat of continuity. See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S. Ct. 2893 (1989), United States v. Jenkins, 902 F.2d 459, 463 (6th Cir. 1990), United States v. Young, 906 F.2d 615 (11th Cir.

4

1990). Because none of these appeared in the complaint, the court afforded plaintiffs an opportunity to orally present the factual base for their charges. Both plaintiffs commented, but said nothing other than what is in their complaint.

Plaintiffs stated that their action under 42 U.S.C. § 1985(3) was based on the assessment of filing fees by the Clerk of Courts and his staff. To state a cause of action under this section, plaintiffs must allege:

(1) a conspiracy,

(2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,

(3) an act by one of the conspirators in furtherance of the conspiracy, and

(4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States.

Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980), citing, Griffen v. Breckenridge, 403 U.S. 88, 102-03, 91 S. Ct. 1790, 1798 (1971). Plaintiffs offered no facts to support this charge.

II.

In the motion to amend their complaint, plaintiffs demand a "criminal investigation and a grand jury for indictment on criminal charges," based on the allegation that they are the victims of continuous threats of irreparable injury and death. Motion for Leave to File Amended Complaint, Rennick, et al. v. State of Ohio Attorney General, et al., No. C2-90-360 (N.D. Ohio filed July 16, 1990).

5

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, if plaintiffs do not articulate facts which are a proper subject for relief, the district court may deny the motion. See Foman v. Davis, 371 U.S. 173, 182, 83 S. Ct. 227, 230 (1962). A civil complaint is not the means by which to initiate a criminal investigation. Therefore, their motion to amend is denied.

### III.

A number of defendants filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting that the complaint fails to state a claim upon which relief can be granted because it alleges the same legal arguments and factual matters dismissed on the merits by Judge Spiegel. Defendants, therefore, assert that this action is barred by the doctrine of res judicata.

A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is an adjudication on the merits unless the case is dismissed without prejudice. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir. 1990). Because Judge Spiegel dismissed the case with prejudice, the dismissal is an adjudication on the merits. The doctrine of res judicata mandates:

> [I]f the second action is upon the same cause as the former one, the judgment on the merits in the first case is an absolute bar to the subsequent action between the same parties, not only in respect to every matter which is actually offered, but also as to every ground of recovery which might have been presented.

White v. Colgan Elec. Co., Inc., 781 F.2d 1214, 1216 (6th Cir. 1986), quoting, Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 47

S. Ct. 600 (1927).  The court finds no material differences between the case before it and the case before Judge Spiegel.  Because res judicata is an affirmative defense which bars relitigation, the complaint is dismissed.

Moreover, the forty-four page complaint is rambling, unintelligible, and does not set forth specific facts underlying the claims for relief.  Many defendants named are not mentioned in the many charges of the complaint.  Accordingly, it shall be dismissed for failure to comply with Fed. R. Civ. P. 8(a).[2]  Because the complaint fails to set forth a short and plain statement of the claim showing plaintifs are entitled to relief, the dismissal is with prejudice.

---

2.  Fed. R. Civ. P. 8(a) provides:

A pleading which sets forth a claim for relief . . . shall contain

. . .

(2)  a short and plain statement of the claim showing that the pleader is entitled to relief . . .

. . .

Ordinarily, in a dismissal for failure to comply with Rule 8, the pleader is given an opportunity to amend the complaint.  See Kappus v. Western Hills Oil, Inc., 24 F.R.D. 123, 128 (E.D. Wis. 1959).  However, a court need not grant leave to amend if it would be futile to do so.  Brown v. Califano, 75 F.R.D. 497, 499 (D.D.C. 1977); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

7

## IV.

This court next considers whether plaintiffs shall be enjoined from further litigation without leave of court. Two sources authorize courts to enjoin prolific litigators. Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F.Supp. 1442 (E.D.Mich. 1988). First, federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984), cert. denied, 474 U.S. 1061, 106 S. Ct. 807 (1986). More frequently, federal courts invoke the second source, the All Writs Act, 28 U.S.C. § 1651, to enjoin vexatious litigation.[3] The Sixth Circuit Court of Appeals has approved this "method for handling the complaints of prolific litigators. . . ." Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987).

---

3.    28 U.S.C. § 1651 provides in part:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

Litigiousness alone does not support an injunction restricting further litigation. Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), cert. denied, 449 U.S. 829, 101 S.Ct. 96 (1980). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986), cert. denied, 479 U.S. 1099, 107 S. Ct. 1323 (1987). The Second Circuit Court of Appeals established the following test to determine whether to restrict a litigant's future access to the courts:

    (1)   the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

    (2)   the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

    (3)   whether the litigant is represented by counsel;

    (4)   whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

    (5)   whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

All factors of the Safir test are present in this case. Plaintiffs have a history of attempting to relitigate cases previously decided. This is the second frivolous RICO action filed against a multitude of defendants, many of whom are not mentioned

in any claim. It is plaintiffs' third action alleging that their employment termination in 1984 violated 42 U.S.C. § 1981.[4] The trial of her 42 U.S.C. § 1981 action afforded Rennick a full opportunity to litigate this claim. Plaintiffs persistently refuse to accept the finality of judicial decisions and proceed to sue every judicial officer who issues a decision adverse to their interests.[5] The plaintiffs, who are before the court pro se, clearly do not demonstrate a good faith expectation of prevailing. Despite repeated judicial comment and instruction on how to amend their complaint to comply with Rule 8(a), plaintiffs do not state clear and understandable operative facts. The court finds that plaintiffs' repetitious and frivolous suits constitute an abuse of the judicial system.

## V.

Accordingly, plaintiffs are permanently enjoined from filing any action in the United States District Court for the Southern District of Ohio without obtaining leave of the court. They are further enjoined from filing in any court,[6] an action against any state or federal judge, or any officer or employee of any court,

---

4. The court questions Carr's standing to assert any claim because he was subsequently reinstated to the job from which he was separated.

5. This behavior alone justifies the use of the injunction because such repeated litigation is costly to the defendants and wastes scarce judicial resources. See Harrelson v. United States, 613 F.2d 114 (5th Cir. 1980).

6. Gordon v. United States Department of Justice, 558 F.2d 618 (1st Cir. 1977), Rudnicki v. McCormack, 210 F.Supp 905, 911 (D.Mass. and R.I. 1962).

10

for actions taken in the course of their official duties.   In
seeking leave of court, plaintiffs must file a motion certifying
that the new complaint was never previously dismissed on the
merits.

IT IS SO ORDERED.

*John M. Mano*

UNITED STATES DISTRICT JUDGE

11

AO 450 (Rev. 5/85)   Judgment In a Civil Case  ⓓ

**FILED**
KENNETH J. MURPHY
CLERK

# United States District Court

**SOUTHERN** ———— DISTRICT OF ————

91 JUL 10 PM 3: 37
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

Sharon Rennick
Jerry Carr

**JUDGMENT IN A CIVIL CASE**

V.

State of Ohio Attorney
General, Anthony Celebrezze,
et al.

CASE NUMBER:   C-2-90-360

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED   that in accordance with the MEMORANDUM OF OPINION issued in this action on July 10, 1991, that the plaintiffs take nothing, and  this action is DISMISSED on the merits.

—————————————————————
July 10, 1991

*Date*

KENNETH J. MURPHY
—————————————————————
*Clerk*

*Beverly J. Robinson*
—————————————————————
*(By) Deputy Clerk*

67

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Jerry L. Carr** | |
|    **and** | **Case No. 1:06-cv-01893-JR** |
| **Sharon M. Carr** | |
|    **Plaintiffs** | **Judge: James Robertson** |
|    **v.** | |
| **George Yund, et al.,** | **ORDER FOR EXTENSION OF TIME TO FILE A MOTION RAISING OBJECTIONS AND DEFENSES UNDER FED. R. CIV. P. 12** |
|    **Defendants** | |

For cause shown and for the reasons stated in Defendant James A. Whitaker's Motion for Extension of Time to File a Motion Raising Objections and Defenses under Fed. R. Civ. P. 12, this Court grants said motion and allows Defendant James A. Whitaker until the

_____ day of _____, 2007 to file his motion under Fed. R. Civ. P. 12,

and/or other Federal Rules of Civil Procedure.


_____

Judge James Robertson