UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED

JAN 1 ⁞ 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JERRY L. CARR, ET AL          : Case No. 06-1893 JR

   Plaintiff              :

   -vs-

                                    :

**_ANSWER AND MOTION TO_**
**_DISMISS OF DEFENDANT,_**
**_PAT GARRETSON_**

FROST, BROWN, AND TODD, ET AL

   Defendants         :

             : : : : : : : : : : : : :

Now comes the defendant, Pat Garretson, pro se, and for his Answer and Motion to Dismiss states the following:

1. Defendant Garretson denies the allegations against him which appear to be limited to page 35 of Plaintiffs' Complaint.

2. Defendant has reviewed the file from July of 1990 admits that he represented Mr. Carr on July 11, 1990, as stated in Complaint page 35, paragraph Number 1.

3. Defendant represented Plaintiff Jerry Carr per professional standards. While Mr. Carr has probably waived the attorney client privilege by the filing of this action, defendant Garretson is reticent to disclose the extensive evidence set forth against Mr. Carr by Psychologist Fisher, and Psychiatrist Miller, which resulted in the finder of facts determining that he was a danger to himself and/or others, and ordered him transferred to an out of county hospital. That County appoints their own attorneys for their proceedings, and therefore I withdrew from further representation in that the case was transferred from Butler County, Ohio.

4. Defendant denies involvement or knowledge of any conspiracy or other wrongful acts which may be attributed to him in Complaint Page 35, paragraph 4, or elsewhere.

5. *Defendant asserts the statute of limitations ran out July 11, 1991, one year from the date of his last representation of Plaintiff. It also appears from the Complaint that the Plaintiff has been determined competent for the past 15 years. (Statute for malpractice attached as Defendant Garretson's exhibit A.)*

6. *Plaintiffs' rambling complaint sounds in malpractice as affects this defendant, but defendant asserts all other statutes of limitation where applicable.*

7. *Defendant asserts that this is a frivolous and vexatious lawsuit and should be dismissed at costs to Plaintiffs.*

**WHEREFORE,** *defendant, Pat Garretson, hereby requests that the above action be dismissed with costs to plaintiff.*

*PATRICK W. GARRETSON, pro se*
*924 Laurel Avenue*
*Hamilton, Ohio 45015*
*Telephone: (513) 737-9900*

## CERTIFICATE OF SERVICE

*One copy of the foregoing instrument was sent by regular U.S. Mail to Plaintiffs, at 1261 Southern Hills Blvd., Hamilton, Ohio 45013 on January 5, 2007, having been served on December 19, 2006.*

*PATRICK W. GARRETSON*

### § 2305.11. Time limitations for bringing certain actions.

(A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued.

(B) A civil action for unlawful abortion pursuant to section 2919.12 of the Revised Code, a civil action authorized by division (H) of section 2317.56 of the Revised Code, a civil action pursuant to division (B)(1) or (2) of section 2307.51 of the Revised Code for performing a dilation and extraction procedure or attempting to perform a dilation and extraction procedure in violation of section 2919.15 of the Revised Code, and a civil action pursuant to division (B)(1) or (2) of section 2307.52 of the Revised Code for terminating or attempting to terminate a human pregnancy after viability in violation of division (A) or (B) of section 2919.17 of the Revised Code shall be commenced within one year after the performance or inducement of the abortion, within one year after the attempt to perform or induce the abortion in violation of division (A) or (B) of section 2919.17 of the Revised Code, within one year after the performance of the dilation and extraction procedure, or, in the case of a civil action pursuant to division (B)(2) of section 2307.51 of the Revised Code, within one year after the attempt to perform the dilation and extraction procedure.

(C) As used in this section, "medical claim," "dental claim," "optometric claim," and "chiropractic claim" have the same meanings as in section 2305.113 [2305.11.3] of the Revised Code.

**HISTORY: RS § 4983; S&C 949; 51 v 57, § 16; 91 v 299; GC § 11225; 120 v 646; 122 v 374; Bureau of Code Revision, 10-1-53; 135 v H 989 (Eff 9-16-74); 136 v H 682 (Eff 7-28-75); 136 v H 1426 (Eff 7-1-76); 139 v H 243 (Eff 3-15-82); 140 v S 183 (Eff 9-26-84); 141 v H 319 (Eff 3-24-86); 142 v H 327 (Eff 10-20-87); 143 v S 80 (Eff 6-28-90); 143 v S 125 (Eff 1-13-91); 144 v H 108 (Eff 5-28-92); 144 v S 124 (Eff 4-16-93); 146 v H 135 (Eff 11-15-95); 146 v H 350 (Eff 1-27-97); 149 v S 108, § 2.01 (Eff 7-6-2001); 149 v H 412 (Eff 11-7-2002); 149 v S 281. Eff 4-11-2003.**

See provisions, § 6 of SB 281 (149 v - ) following RC § 2323.43.

The provisions of § 4 of HB 412 (149 v - ) read as follows:

SECTION 4. If any provision of section 2305.11, 2315.21, 3721.02, or 3721.17 of the Revised Code, as amended by this act, any provison of section 5111.411 of the Revised Code, as enacted by this act, or the application of any provison of those sections to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the particular section or related sections that can be given effect without the invalid provison or application, and to this end the provisions of the particular section are severable.