UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jerry L. Carr,

and                                                          Case No. 1:06-cv-01893-JR

Sharon M. Can,                                               Judge: James Robertson

    Plaintiffs.

v.                                                           **MOTION TO DISMISS**

George Yund, et al.

    Defendants.

Now comes Charles H. Rittgers, pro se, and hereby moves this Court to dismiss the above-styled action for the reasons set forth in the attached Memorandum.

Respectfully submitted,

_____
Charles H. Rittgers, pro se
12 E. Warren St.
Lebanon, Ohio 45036
Phone: 513-932-2115
Fax: 513-934-2201

**MEMORANDUM**

**I.      This case must be dismissed due to this Court's lack of personal jurisdiction over this defendant.**

A federal district court's personal jurisdiction is deemed to be that of the state in which the court sits. Fed. R. Civ. Pro. 4. In order for a federal district to have personal jurisdiction over a defendant, the defendant must have minimum contacts with the forum state. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). These minimum contacts must be consistent with fair play and substantial justice so that requiring defendant to defend a case in that forum would not be unreasonable enough to violate due process. Id. at 316-317. In order to have minimum contacts which justify personal jurisdiction over a defendant, defendant must have taken actions that were purposefully directed toward the forum state. Id. Casual, isolated contacts do not subject a defendant to jurisdiction. Id.  Rather, a defendant must have continuous, systematic activities in a forum to justify minimum contacts sufficient for personal jurisdiction. Id.

Additionally, personal jurisdiction relies on whether an element of the cause of action against defendant took place in that forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-473 (1985). Venue is not proper if the defendant does not reside in the district where the case was filed or the events pertaining to the claim did not substantially arise in that district. Id.

In this case, this Court does not have personal jurisdiction over defendant Charles Rittgers.  Mr. Rittgers does not have any contacts with Washington, D.C. The defendant's practice of law is limited to Ohio.  Mr. Rittgers has never handled a case in Washington, D.C. Furthermore, the events leading to the claims against this defendant

arose in Ohio, rather than Washington, D.C.  Mr. and Mrs. Can claim that Mr. Rittgers was an ineffective attorney in his personal injury lawsuit that was heard in Ohio. (Complaint p. 25-26, 49, 19A). Additionally, Mr. and Mrs. Can claim that Mr. Rittgers conspired with State Farm Insurance and Judge Oney to deprive him of due process of law. (Complaint p. 20, 26, 49). All of these events occurred in Ohio, not Washington, D.C. Therefore, in the interests of justice and fair play, this Court does not have personal jurisdiction over these defendants and the case must be dismissed as to their involvement.

## II.    This case must be dismissed because the Statute of Limitations for filing this lawsuit has elapsed.

Additionally, Mr. and Mrs. Can's lawsuit was filed beyond the statute of limitations.  Mr. and Mrs. Can assert a R.I.C.O. and Corrupt Activity lawsuit against all the named defendants. Pursuant to case law, a federal civil R.I.C.O. lawsuit must be brought within four years of the time when the plaintiff knew or reasonably should have known of the events that created the lawsuit. Agency Holding Corp. v Malley-Duff & Associates, Inc., 483 U.S. 143 (1987); Rotella v. Wood, 528 U.S. 549 (2000). As this case pertains to Mr. Rittgers, the time limit has expired. Thus, once the plaintiff should have reasonably discovered the injury, the plaintiff has four years to discover the elements for a RICO act and file a court action on those grounds.  Rotella, 528 U.S. at 558-559.  All of the allegations directed toward Mr. Rittgers occurred in 1999 and 2000, seven years prior to the filing of this lawsuit.  Mr. Can claims that he tape recorded conversations with Mr. Rittgers which he uses to justify his claims against these individuals. (Complaint, p. 20, 27, 19A). Thus, Mr. Can reasonably should have known

of these allegations at the time of the tape recordings in 1999 and 2000 and had four years to discover the pattern of alleged corrupt activity from that point. Thus, the time for bringing this lawsuit against Mr. Rittgers passed three years ago.

**III.     This case must be dismissed because an Order from United States District Court Judge John Manos prohibits Mr. and Mrs. Carr from filing lawsuits against any officers of the court.**

This Court should also be aware that Judge John M. Manos of the United States District Court for the Northern District of Ohio issued a Writ prohibiting Mr. and Mrs. Can from filing lawsuits against any officers of the court. (Exhibit A). Judge Manos was assigned to hold district court in the Southern District of Ohio, Eastern Division, due to Mr. and Mrs. Can naming several judges from the Southern District of Ohio as defendants in their 1990 lawsuit. (Exhibit B). Judge Manos declared that

> Plaintiffs are permanently enjoined from filing any action in the United States District Court for the Southern District of Ohio without obtaining leave of the court. They are further enjoined from filing in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the court of their official duties.

(Exhibit A). Thus, Mr. Rittgers, who is a licensed attorney in the State of Ohio and therefore is an officer of the court, is not subject to this suit due to Judge Manos' order prohibiting Mr. and Mrs. Can from filing these types of lawsuits against officers of the court.

The action in which that Order was entered was filed pro se in 1990 by Mr. and Mrs. Can. The Complaint named 66 defendants, which included law firms, attorneys, federal judges, the FBI, and the clerk of Courts for the Southern District of Ohio. Like the case at issue here, this Complaint alleged the defendants named in the action

conspired in violation of federal RICO statutes to harm them. They had filed another RICO action approximately one year prior, but that case was dismissed for failure to state a claim. (See, Exhibit B). Judge Manos found that the 1990 lawsuit was of no material difference when compared to the previous suit. Id. at 7. In addition to dismissing the case, Judge Manos also contemplated the courts' powers to enjoin prolific litigators. Judge Manos cited to 28 U.S.C. section 1651, which provides that "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In so exercising this power in granting a writ to enjoin these prolific litigators, the Court found that such an action may be taken if a "litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id. at 9, citing, Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986). Clearly, Judge Manos granted the Writ to enjoin the Cans from filing federal lawsuits against officers of the court when he found that they met this definition.

      In this case, the Carrs have knowingly violated this Writ when they filed this most recent lawsuit against numerous judges, law firms, and attorneys, including Mr. Rittgers, an Ohio attorney. All of the allegations set forth in this Complaint allege wrongdoing by these court officers and employees taken in the court of their official duties. Such an action is explicitly prohibited by the Order granted by Judge Manos and thus must be dismissed.

      For the foregoing reasons, Defendant Charles H. Rittgers respectfully requests that this court dismiss this case as it pertains to him.

                                          Charles H. Rittgers, pro se
                                          12 E. Warren St.
                                          Lebanon, Ohio 45036
                                          Phone: 513-932-2115
                                          Fax: 513-934-2201

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing to Mr. Jerry L. Can and Mrs. Sharon M. Can, via United States mail at 1261 Southern Hills Boulevard, Hamilton, Ohio 45013, as well as each and every defendant listed in this cause of action, this 4th day of January, 2007.

                                          Charles H. Rittgers, pro se