```
            UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF COLUMBIA
```

JERRY L. CARR, *et al.*,                :
                                        :
      Plaintiffs,                       :
                                        :
  v.                                    : Civil Action No. 06-1893 (JR)
                                        :
FROST, BROWN & TODD, *et al.*,          :
                                        :
      Defendants.                       :

## MEMORANDUM

It is difficult to make sense of the 123 handwritten pages filed on November 3, 2006 (main document 60 pp., memorandum 34 pp., background 29 pp.) docketed together as a "Complaint" [1]. The filing of these papers was followed two weeks later by an application for a temporary restraining order and a motion for preliminary injunction [3]. I denied the TRO but directed the Clerk to set an early hearing on the motion for preliminary injunction, hoping to gain some understanding of the claims if they could be explained in open court. That was inconvenient for the plaintiffs, who live in Ohio; they moved for a "later hearing date." I granted that motion -- obviously there was no emergency after all -- on December 14, 2006.

Plaintiffs have named 27 defendants, including a federal judge, an Ohio state court judge, several Justice Department and FBI officials, someone from the Internal Revenue Service, two law firms, any number of individual attorneys, and a

psychologist.  Plaintiffs assert in one of the handwritten documents that comprise their complaint that they are here because they have exhausted all the legal avenues available to them in the State of Ohio, where, they say, they have run into "widespread corruption and racketeering at all levels of state and federal government."  The case is identified on our docket as a "related case," but its relationship is to a case that was filed and dismissed in Ohio more than sixteen years ago.

A number of the named defendants went to the trouble and expense of answering, and several moved to dismiss, but it was not until the motion of defendants Yund and Freking to dismiss and for a permanent injunction against the plaintiffs from filing suit against them [19], filed on January 10, 2007, that this Court awoke to the disruption plaintiffs have caused and the financial burdens they have inflicted, not only with this suit, but also with several suits in the past.  On January 12, I issued an order staying the case and requiring plaintiffs to show cause why they should not be permanently enjoined from suing Yund and Freking in any court of the United States.

What plaintiffs filed, on February 12, 2007 [27], was not responsive to the show cause order.  It was instead a "motion to overturn Judge Manos' sanction and return Yund & Freking to defendants."

On July 10, 1991, the late Judge John M. Manos of the Northern District of Ohio, Eastern Division, not only dismissed an action by these plaintiffs that is substantially identical to the present action, but also permanently enjoined them from filing "in any court, an action against any state or federal judge, or any officer or employee of any court, for actions taken in the course of their official duties."  With his order, Judge Manos filed an opinion, explaining (as plaintiffs' own papers never do) what this is all about: that plaintiffs are former employees of Champion International Corporation, that plaintiff Mrs. Carr (then named Rennick) was discharged in 1984 (yes, 23 years ago), for assaulting a co-worker with a razor knife; that plaintiff Mr. Carr was also discharged, for threatening co-workers he accused of harassing Rennick; that grievances were filed, following which Rennick filed a complaint pursuant to 42 U.S.C. § 1981 against Champion and several co-workers; that that trial ended in 1988 in a defense verdict -- awarding compensatory and punitive damages against Rennick for her assault with a razor knife; that plaintiffs then filed another action under the RICO statute, which was dismissed in 1990 by Judge Spiegel; and that they filed a third time, this time adding Judge Spiegel as a defendant.  It was this third action that Judge Manos dismissed, as *res judicata* and for failure to set forth a short and plain statement of a claim under Federal Rule 8(a), and he enjoined the

plaintiffs, as "prolific litigators," from continuing their harassing and disruptive litigation campaign.

Three federal courts in Ohio have dealt with the Carrs and their complaints and have dismissed them. This Court has neither the time nor the inclination to analyze the obvious. It seems to me that plaintiffs are already in contempt of Judge Manos's injunction, but that is not my judgment to make. Instead, I will issue an order dismissing this case with prejudice and certifying the record to the Northern District of Ohio. Rule 11 sanctions would be appropriate in this case, but, because I suspect the Carrs are judgment-proof, and because this matter clearly belongs in Ohio, I am loath to invoke the Rule 11 process *sua sponte*. Moreover, because the enforcement from Washington, D.C., of any injunction in favor of defendants Yund and Freking would be problematic, I decline the prayer for equitable relief.

An order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge