IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JERRY L. CARR & SHARON M. CARR | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:06-cv-1893-JR |
| | ) | |
| FROST, BROWN & TODD LAW FIRM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## INTERNAL REVENUE SERVICE'S MOTION TO DISMISS COMPLAINT

DEFENDANT, the Internal Revenue Service,1/ moves under Fed. R. Civ. P.

12(b), to dismiss plaintiffs' complaint. As grounds for this motion, the Internal Revenue

Service submits that 1) neither the Internal Revenue Service nor "Mrs. G. Messina," the

individually-named Internal Revenue Service employee, is a proper party defendant; 2)

plaintiffs failed to properly serve the United States; and 3) the United States has not

waived its sovereign immunity for an action, such as this one, brought under the

Racketeer Influenced and Corrupt Organizations Act (RICO).

---

1/ It cannot be determined, with any certainty, which revenue-related agency or person plaintiffs are actually attempting to sue. At various places in their complaint, plaintiffs name or attempt to name: 1) Dept. of Treasury-IRS; 2) IRS; and 3) G. Messina.

2423758.1

A memorandum of points and authorities  in support of this motion and a

proposed order are submitted with this motion.

    DATE: April 25, 2007.              Respectfully submitted,

                                        /s/ Pat S. Genis
                                       PAT S. GENIS, #446244
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Washington, DC  20044
                                       Tel./FAX:  (202) 307-6390/614-6866
                                       Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JERRY L. CARR & SHARON M. CARR    )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )        No:  1:06-cv-1893-JR
                                  )
FROST, BROWN & TODD LAW FIRM, et al.,  )
                                  )
            Defendant.            )

## MEMORANDUM IN SUPPORT OF INTERNAL REVENUE SERVICE'S MOTION TO DISMISS COMPLAINT

This is a civil action in which plaintiffs assert that the Internal Revenue Service conspired with defendants Yund and Frost, Brown & Todd Law Firm to extort money from them.

### QUESTIONS PRESENTED

1.  Plaintiffs name the Internal Revenue Service and "Mrs. G. Messina," an alleged Internal Revenue Service employee, as party defendants.   The Internal Revenue Service cannot be sue *eo nomine,* and actions taken by a federal employee in his/her official capacity is a suit against the United States.  Should the Court dismiss the Internal Revenue Service and the individual employee and substitute the United States as the proper party defendant?

2.  Plaintiffs have not served the United States.  Does this Court lack jurisdiction over the United States under these circumstances?

3.  Plaintiffs seek relief under the Racketeer Influenced and Corrupt Organizations Act (RICO).  The United States has not waived its sovereign immunity to permit a suit against the United States under the RICO statute.  Should the Court dismiss plaintiffs' complaint for lack of jurisdiction?

STATEMENT

1.  Introduction & background.  Plaintiffs, Jerry L. & Sharon Carr, filed this complaint on November 3, 2006.  (PACER #1.)  Plaintiffs named the Internal Revenue Service and Mrs. G. Messina as party defendants.  (Compl. at 2.)   A summons was issued for G. Messina, but not for the United States Attorney General, the United States Attorney for the District of Columbia or the Internal Revenue Service.  (PACER, docket entry on 12/04/06.)  The docket does not reflect that plaintiffs have filed any returns of service.

2.  Allegations in the complaint.  Plaintiffs' 58-page, hand-written, complaint alleges that defendants George Yung and his law firm, Frost, Brown & Todd Law Firm, conspired with various defendants against plaintiffs, and, among other things, had Jerry Carr committed to a mental institution for 35 days.  (Compl. *infra*, & p.52-53, ¶ 4.) Plaintiffs allege that the conspiracy is in retaliation for plaintiffs filing suit in the Southern District of Ohio alleging RICO violations and/or to prevent plaintiffs from pursuing their RICO claims against Yund and his law firm, Frost, Brown.

Plaintiffs' complaint against the Internal Revenue Service is on pages 53-55. Plaintiffs allege that the Internal Revenue Service advised them that they have a federal

tax liability arising out of Jerry Carr's withdrawal from his 401(k) account and that they do not owe taxes and penalties because they were forced to use the 401(k) money to pay their mortgage.  (Compl. at 53, ¶ 6.)   Plaintiffs also allege that the Internal Revenue Service is party to a conspiracy against them based on their meeting in Cincinnati, Ohio with "Kim Mehaus, Advocate for the I.R.S."  (Compl. at 55, ¶ 10.)  Plaintiffs allege that they had arranged to meet Mehaus to discuss their tax liability but walked out of the meeting when Mehaus indicated that she had already spoken with George Yund. (Compl. at 55, ¶ 10.)  Mehaus' statement allegedly prompted plaintiffs to walk out of the meeting and to conclude that the "I.R.S. ha[d] conspired with Frost & Jacobs to extort" money from plaintiffs. (Compl. at 55, ¶ 11.)  Plaintiffs allege that Yund was "working hand in hand with the I.R.S. to put a lifetime lien on the Carrs' so they can't financially afford to go after George Yund, Frost & Jacobs."  (Comp. at 55, ¶ 10.)2/

## ARGUMENT

### I.

### NEITHER THE INTERNAL REVENUE SERVICE NOR G. MESSINA IS A PROPER PARTY; THE UNITED STATES IS THE PROPER PARTY

A. <u>The Internal Revenue Service Cannot Be Sued <i>Eo Nomine</i></u>.  The complaint names the Internal Revenue Service as a party defendant.  (Compl. p.2.)  The Internal

---

2/  Plaintiffs' accuse Yund and his law firm, Frost, Brown & Todd Law Firm, of committing various acts of wrongdoing beginning in the 1980's, including getting them fired from their jobs two days apart in 1984; representing Toyota in a lawsuit plaintiff Jerry Carr filed against Toyota for a "lemon" automobile; representing Federated Stores when they tried to garnish Jerry Carr's wages; and "kidnapping" Jerry Carr and having him confined in a mental institution for 35 days.  (Compl. at 52-53.)

Revenue Service must be dismissed because Congress has not explicitly or implicitly

authorized the Internal Revenue Service to sue or be sued in its own name in a suit of

this type. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does

so in explicit language or impliedly because the agency is the offspring of such a suable

entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). No broad waiver of sovereign

immunity applies to the Treasury Department or the Internal Revenue Service. *See*

*Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dept.*, 530 F.2d 672, 673 n.3 (5th

Cir. 1976). The Internal Revenue Service cannot be sued in this Court. *Baumohl v.*

*Columbia Jewelry Co. of Annapolis*, 127 F.Supp. 865, 866 (D. Md. 1955); *Richmond v. United*

*States*, 1986 WL 5995, *1, 57 A.F.T.R.2d (RIA) 992, 1986-1 U.S. Tax Cas. (CCH) ¶ 9239

(N.D. Fla. 1986); *Bramble v. Internal Revenue Service*, 1982 WL 201104, *1 (E.D. NY 1982).

Because the Internal Revenue Service cannot be the subject to a suit, the Internal

Revenue Service must be dismissed as a party defendant in this action.

    B. <u>"Mrs. G. Messina" Is Not a Proper Party</u>. A suit against an Internal Revenue

Service employee in his/her official capacity or relating to official tax assessment and

collection duties, is essentially a suit against the United States; thus, the United States is

the proper party-defendant in this case. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.

1985); *Zinda v. Johnson*, 463 F.Supp.2d 45, 48 (D.D.C. 2006). In this case, plaintiffs

named "Mrs. G. Messina" in Holtsville, New York, as a defendant, (compl. at 2), but

they allege absolutely no claim against her. Accordingly, Messina should be dismissed

as a party, both because she is not a proper party, and because plaintiffs have failed to state a claim against her.3/

## II.

### THIS COURT LACKS JURISDICTION OVER THE UNITED STATES BECAUSE PLAINTIFFS FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

---

3/    Plaintiffs <u>do</u> allege that another Internal Revenue Service employee, Kim Mehaus, who was not named as a party defendant, talked to Yund, and thus conspired against them. They allege that they requested an Advocate from the Internal Revenue Service to help them with respect to their tax liability. (Compl. at 55, ¶ 10.) They met with "Kim Mehaus, Advocate for the I.R.S." in Cincinnati, Ohio, " but walked out of the meeting when Mehaus told them that she had already talked with George Yund. (Compl. at 55 ¶ 10.) Plaintiffs' allegations plainly show that Mehaus was acting within her official capacity and duties, and thus would not be a proper party defendant, even if she had been named as a party defendant.

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, the docket shows that a summons was issued for G. Messina, but not for the United States Attorney General, the United States Attorney for the District of Columbia nor the Internal Revenue Service. Plaintiffs also failed to file a return of service indicating that these United States' officials and the Internal Revenue Service were served. Because plaintiffs have not served the United States, the Court should dismiss their complaint.

## III.

### THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR A SUIT UNDER RICO

Plaintiffs sole allegation against the United States is that the Internal Revenue Service is part of a supposed conspiracy against them. This Court does not have

jurisdiction over plaintiffs' claim for a RICO action. "The basic rule of federal sovereign immunity is that the United States cannot be sued *at all* without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983) (emphasis added). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).

Under the RICO statute, an individual may bring a private cause of action for injuries sustained to the person's business or property. 18 U.S.C. § 1961. To state a claim under RICO, however, the party must demonstrate "racketeering activity," 18 U.S.C. § 1862, which requires that the defendant be "chargeable," "indictable" or "punishable" for violations of specific state and federal criminal provisions. *See Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). "It is self-evident that a federal agency is not subject to state or federal criminal prosecution." *Id.*; *see also McNeily v. United States*, 6 F.3d 343 (5th Cir. 1993) (same); *Deluxe Delivery Service v. United States*, 53 Fed. Appx. 554, *1 (Fed. Cir. 2002) ("the United States and its agencies enjoy sovereign immunity from RICO claims"). Accordingly, plaintiffs' RICO claims against the United States must be dismissed.

CONCLUSION

The Court should dismiss the Internal Revenue Service and Messina because the United States is the proper party in this case. The Court should dismiss the complaint against the United States because plaintiffs failed to properly serve the United States and because the United States has not waived sovereign immunity to permit a RICO action against the United States.

DATE: April 25, 2007.                    Respectfully submitted,


                                         /s/ Pat S. Genis_____
                                         PAT S. GENIS, #446244
                                         Trial Attorney, Tax Division
                                         U.S. Department of Justice
                                         Post Office Box 227
                                         Washington, DC  20044
                                         Tel./FAX:  (202) 307-6390/614-6866
                                         Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JERRY L. CARR & SHARON M. CARR )
)
             Plaintiffs, )
)
         v. )      No:  1:06-cv-1893-JR
)
FROST, BROWN & TODD LAW FIRM, et al., )
)
            Defendant. )

<u>CERTIFICATE OF SERVICE</u>

      IT IS CERTIFIED that the INTERNAL REVENUE SERVICE'S MOTION TO

DISMISS COMPLAINT and proposed ORDER were served upon plaintiffs *pro se* on

April 25, 2007 by depositing a copy in the United States' mail, postage prepaid,

addressed as follows:

             Jerry L. Carr
             Sharon M. Carr
             *Plaintiffs pro se*
             1261 So. Hills Blvd.
             Hamilton, OH 45013

                   /s/ Pat S. Genis        
                  PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JERRY L. CARR & SHARON M. CARR    )
                                 )
            Plaintiffs,          )
                                 )
        v.                       )        No:  1:06-cv-1893-JR
                                 )
FROST, BROWN & TODD LAW FIRM, et al.,  )
                                 )
            Defendants.          )

## O R D E R

Having considered the Internal Revenue Service's motion to dismiss the

complaint, together with the memorandum in support thereof, and having further

considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion

ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at

Washington, District of Columbia,

        ORDERED that defendants' motion to dismiss be and is GRANTED;

        ORDERED that plaintiffs' complaint be and is DISMISSED as to the Internal

Revenue Service and G. Messina;

        ORDERED that the Clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE


2422335.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Jerry L. Carr
Sharon M. Carr
*Plaintiffs pro se*
1261 So. Hills Blvd.
Hamilton, OH 45013